## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| SYLVESTER EKWUNIFE | : | CIVIL ACTION |
| 57th N. 57TH STREET | : | NO. 2:16-cv-00148-ER |
| PHILADELPHIA, PA 19139 | : | |
| **Plaintiff** | : | |
| V. | : | **FILED** |
| CITY OF PHILADELPHIA | : | |
| 1515 ARCH STREET, 5TH FLOOR | : | JUL 1 9 2016 |
| PHILADELPHIA, PA 19102 | : | |
| AND | : | LUCY V. CHIN, Interim Clerk |
| SETH WILLIAMS, IN HIS OFFICIAL | : | By _____ Dep. Clerk |
| CAPACITY | : | |
| 3 S PENN SQUARE | : | |
| SQUARE, PHILADELPHIA, PA 19107 | : | **JURY TRIAL DEMANDED** |
| AND | : | |
| HEBA GORE, INDIVIDUALLY AND A | : | |
| OFFICIAL | : | |
| 3 S PENN SQUARE | : | |
| SQUARE, PHILADELPHIA, PA 19107 | : | |
| AND | : | |
| POLICE OFFICER LAURA HAMMOND | : | |
| INDIVIDUALLY AND AS AN OFFICER | : | |
| 1515 ARCH STREET, 5TH FLOOR | : | |
| PHILADELPHIA, PA 19102 | : | |
| AND | : | |
| POLICE OFFICER JOSEPH T. CARTER | : | |
| INDIVIDUALLY AND AS AN OFFICER | : | |
| 1515 ARCH STREET, 5TH FLOOR | : | |
| PHILADELPHIA, PA 19102 | : | |
| **Defendants** | : | |

## AMENDED COMPLAINT

1.    This is a civil action pursuant to 42 U.S.C., Sections 1983, 1988, and 28 U.S.C.,

Section 1367(a), seeking $15,000,000 in damages for the conduct of the defendants in violating

Plaintiff's constitutional rights guaranteed under the Fourth Amendment, and state guaranteed

rights, to wit, false arrest, false imprisonment and malicious prosecution.

2.   The defendants have implemented and enforced a policy and practice of arresting and prosecuting individuals including this Plaintiff without probable cause.

3.   The presentation of affidavits for probable cause by the Philadelphia police officers are often based on the fact that are not vetted by some supervising authority in the Police Department or District Attorney's Office.

4.   These constitutional abuses are directly and proximately caused by policies, practices and/or customs of the defendants City of Philadelphia, the Police Department, and the District Attorney's Office who have acted with deliberate indifference to the rights of individuals, including this Plaintiff by, (a) failing to properly train, supervise and discipline police officers and the prosecutors, (b) by inadequately monitoring police officers and their practices relating to initiating a criminal case, including but not limited to investigating, preparing affidavits of probable cause, obtaining arrest warrants, and preparing documents needed to proceed against individuals, including this Plaintiff.

5.   As a direct and proximate result of defendants' policies, practices and customs, Plaintiff suffered gravely, having being arrested without a probable cause, detained for three years without any good reason for the inordinate delay, subjected to loss of life, liberty, happiness, family, humiliation, loss of reputation, harassment and beatings in jail because of the nature of his charges.

## PARTIES

6.   Plaintiff, Sylvester Ekwunife, is an adult citizen and resident of the Commonwealth of Pennsylvania residing as captioned.

7. Defendant, City of Philadelphia, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

8. Defendant, R. Seth Williams, is the District Attorney of Philadelphia, the chief law enforcement officer for the City and County of Philadelphia. Under the Commonwealth of Pennsylvania's Constitution and statutes, D.A. Williams is an independent officer, directly elected by Philadelphia residence. D.A. Williams is responsible for overseeing all aspects of the Philadelphia D.A's Office, including the Sexual Assault Taskforce. D.A. Williams is sued in his official capacity. He was at all material times the District Attorney for the City Philadelphia and is being sued in his official capacity as an agent or employee of the defendant City of Philadelphia.

9. Defendant Heba Gore was at all material times the Assistant District Attorney for the City of Philadelphia under the supervision of Seth Williams, and an employee of the defendant City of Philadelphia.

10. Defendant Laura Hammond was at all material times a Detective with the Philadelphia Police.

11. Defendant Joseph T. Carter was at all material times a Police officer employed by the City of Philadelphia.

12. At all material times, these mentioned defendant acted within the course and scope of their employment, under the color of state law and pursuant to the customs, policies and practices of the City of Philadelphia, District Attorney's Office, and the City of Philadelphia Police Department, respectively.

## **JURSIDICTION OF THIS COURT**

13. The District Court has jurisdiction to hear this matter pursuant to 28 U.S.C., Section 1331 and 1343 and jurisdiction over the State Law Claims pursuant to the principals of pendent and ancillary jurisdiction.

14. Venue is proper under 28 U.S.C., Section 1391(b) because the cause of action upon which the complaint is based arose in Philadelphia, which is in the Eastern District of Pennsylvania.

## RELEVANT FACTS OF THIS CASE

15. On February 18, 2012, Plaintiff was arrested by Officer Joseph Carter of the Philadelphia Police Department on the allegations of sexual assault, rape, inter alia, of a minor child. Plaintiff awaited trial for three years without any due considerations for his Speedy Trial rights, only to see the Prosecutors dismiss the case after he refused to accept a time served.

16. In January of 2015, the District Attorney, finally asked for dismissal of the case against Plaintiff after he refused to accept time-served.

17. On May 1, 2015, the Court of Common Pleas expunged Plaintiff's arrest record *in toto*.

18. Plaintiff arrest stemmed from an alleged affidavit of probable cause and an arrest warrant prepared and filed by Detective Laura Hammond.

## COUNT I- 42 U.S.C., SECTION 1983 and 1988
## FALSE ARREST AND FALSE IMPRISONMENT

19. Defendant Hammond and Defendant Carter, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of the City of Philadelphia Police Department, deprived plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the Commonwealth of Pennsylvania and the United States; in particular, the right to be free from false arrest, and false

imprisonment by an officer, which violated the plaintiff's rights under the Fourth and Fourteenth Amendment by an officer, and were in violation of 42 U.S.C., 1983.

20.   The affidavit of probable cause that was prepared by Defendant Hammond stated that the person being sought was a 54year-old white female.   Plaintiff is a Black man, and this important piece of identification evidence was clearly wrong, and invalidated the affidavit. See *Groh v. Ramirez*, 124 S. Ct. 1284 (February 24, 2004) ("warrant that failed to describe either the person or thing to be seized was facially invalid under the Fourth Amendment...foreclosing the officer who prepared and executed the warrant from asserting qualified immunity.")

16.   The affidavit filed by DefendantHammond also misstated Plaintiff address as of the time in question. The address the affidavit bore (57th N. 57th Street) of Plaintiff where the alleged act supposedly took place happened to be the address where Plaintiff moved into some three or four years after the date the alleged incident took place.   This piece of misstatement also rendered the affidavit invalid under Groh.

17.   The complaint filed by Defendant Hammond also clearly stated that "{a}t 57th N. 57th Street, the {Plaintiff} engaged in a deviate sexual intercourse with his 11-year old granddaughter..."   The misstatement of the alleged victim's age here by stating 11 years as opposed to 3 or 4 years old was not only factually wrong, but was clearly misleading because a magistrate judge is bound to believe that an 11year old was penetrated by a penis than a 3 or 4 years old. Thus the affidavit contained a deliberate misrepresentation to obtain a warrant.

18.   Defendant Hammond flagrantly failed to investigate this case before putting her affidavits of probable cause together, and as such came up with clearly false information that was used to arrest an innocent man in the person of this Plaintiff.   This is true because in Defendant Hammonds notes, she stated twice that she intended on interviewing the Plaintiff.   For her to

mention twice that Plaintiff needed to be interviewed meant that she knew but deliberately ignored the fact that without getting all the facts together to carefully examine them, her decision that a probable cause existed was merely her deliberate indifference, without enough evidence, to rope an innocent man to his doom.

19.    Defendant Hammond also flagrantly ignored another piece of investigative step needed to test the credibility of a child who has been said often formulate accusations against people. The alleged victim stated that Plaintiff's natural daughter, Tamika was also molested by Plaintiff because she saw her coming out of the room crying. Because Defendant Hammond knew that following that line of investigation would have revealed that not only was Tamika not molested by Plaintiff, but also that the accusing child also was not molested. So Defendant Hammond let that piece of investigation go. This deliberate lack of investigation caused Plaintiff his life, liberty and a whole lot more when he was falsely arrested, falsely imprisoned and maliciously prosecuted and had his constitutional rights violated.

20.    Detective Laura Hammond also failed to pay attention to the information in her possession, that the mother of the alleged victim who initiated this case, suffered from bipolar disorder and was making those claims up. Nor did Defendant Hammond pay any attention to the information in her possession that the alleged victim's father had warned that the child is known to fabricate things.

21.    All of the omissions and misrepresentations of Defendant Hammond, collectively either invalidated the affidavit of probable cause, or should have caused a reasonable magistrate judge to pause before issuing a warrant.

22.    The false arrest, false imprisonment and malicious prosecution that were perpetrated against Plaintiff due to the City's failure to train, supervise and discipline their police officers did

not begin with this Plaintiff. Indeed, this Court, the Honorable Judge Eduardo Robreno has had
to write an extensive opinion on a like-matter. *See Glass v. City of Philadelphia,* 455 F.Supp.2d
302(E.D. Pa 2006). There, this Court awarded monetary relief to Plaintiffs for police arrest and
detention without probable cause, finding that the City of Philadelphia is liable for an
"unconstitutional custom of investigatory detentions*." See also McKenna v. City of
Philadelphia*, 589 F.3d 447(3rd Cir. 2009)(false arrest claim against Philadelphia police officer
upheld);*Gallo v. City of Philadelphia,* 161 F.3d 217(3rd Cir. 1998)(court reversed grant of
summary judgment, holding City of Philadelphia liable for false arrest without probable
cause);*Patzig v. Daniel*, 577 F.2d 841(3rd Cir. 1978)(holding City of Philadelphia liable for
plaintiff's false arrest claim);*Brockington v City of Philadelphia*, 354 F.Supp 2d 653(E.D.Pa
2005)(summary judgment denied on false arrest and malicious prosecution denied);*Heron v. City
of Philadelphia*, 987 F.Supp. 400(E.D.Pa 1997)(finding that a directive giving by police to arrest
individuals without probable cause creates an affirmative link between a city policy or custom to
arrest without probable cause); *Borenstein v. City of Philadelphia,* 595 F.Supp 853(E.D.Pa
1984)(City of Philadelphia Monell claim denied)(Pollack, J.); *Lawrence v. City of Philadelphia*,
700 F.Supp 832(E.D.Pa 1988)(false imprisonment claim settled);*Coyet v. City of Philadelphia,*
Civil Action No. 15-869(Dec. 10, 2015.) Dalzell, J. (Judge Dalzell denied the City relief, stating
that "The question of causation between the City's customs and Perone's actions is one to be
answered by a jury, not a judge." Id. See also 1A Martin Schwartz & John E. Kirkland, Section
1983, Litigation, Section 3.20 @ 316(3rd Ed. 1997)(A Section 1983 malicious prosecution
claims might be maintained against one who furnished false information to, or concealed
material information from, prosecuting authorities.) See generally, *Gather v. Zappile*, 67 F.Supp
2d 515, 512(E.D.Pa. 1999) ("an officer may, however, be considered to have initiated a criminal

proceeding if he or she knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informal discretion.")

23. The City of Philadelphia and the Philadelphia police department have such a flagrant custom of failure to train, supervise and discipline that at one point even the United States Government intervened to sue the City of Philadelphia to protect the citizens of Philadelphia from such customs and policy making. *See United States v. City of Philadelphia*, 644 F.2d 1871(3rd Cir. 1980)(Fed sued the City of Philadelphia for flagrant violations of citizens' constitutional rights)(relief refused on issue of standing to sue). In another case, *Ford v. City of Philadelphia*, Civil Action No. 1202160, where the court held as follows: "Plaintiff's claim that the City maintained a policy that failed to properly train, supervise, investigate, or discipline its officers is still too premature for the Court to dismiss from suit at this time. Accordingly, Defendant's request for dismissal on these grounds is denied."

It should be noted that since 2009 alone, the City of Philadelphia has paid out more than $40 million in damages and settlement as a result of nearly 600 misconduct lawsuits brought against the police department, and this is according to the data that was provided to *Boston Globe* and *Mudrock*, via public records request.(Article written by Todd Feathers on October 20, 2014). This is an indication of a Police force that definitely needs fixing, by training, supervising and disciplining its officers.

24. Had Defendant Hammond and Defendant Carter been properly trained on how to investigate a case before submitting an affidavit or arresting someone, and had there been a policy in place for such training and for supervision, and even discipline when an officer falters, these two officers would have been a bit more careful in their duties, and this Plaintiff would not have been subjected to all that he had to go through.

25.  Police Officer Joseph Carter is also liable in his individual and official capacity in executing the constitutionally invalid warrant prepared by Detective Laura Hammond.

## COUNT II- MALICIOUS PROSECUTION

26.  Paragraphs 1 through 25 are incorporated herein by reference as though each were fully set forth below.

27.  As described above, Defendants Hammond and Carter, intentionally, maliciously and without probable case, caused the Plaintiff to be subjected to criminal proceedings.

28.  The above mentioned criminal proceedings were terminated in the Plaintiff's favor.

29.  As a direct and proximate result of the malicious and intentional actions of defendants, the Plaintiff suffered and continues to suffer injuries and damages which are described above and they support Plaintiff's demand for compensatory and punitive damages in excess of $15,000,000.

## COUNT III- MONELL CLAIM
## FAILURE TO TRAIN AND SUPERVISE

30.  Plaintiff believes and avers that the City of Philadelphia for many years have adopted and maintained a recognized and accepted policy, custom, and practice of condoning and/or the acquiescence of violating the constitutional rights of citizens, including but not limited to, a policy of falsely arresting, falsely imprisoning and maliciously prosecuting innocent people, which policy is in violation of the constitution and in violation of 42 U.S.C., Section 1983.

31.  Plaintiff believes and avers herein that the Defendant City of Philadelphia has adopted and maintained for many years, a recognized and accepted policy, custom and practice of systematically failing to properly train, supervise and discipline police officers, including the individual defendants, and the lawyers from the district attorney's office who perform their duties in their investigatory capacities, regarding constitutional restraints on police power to

falsely arrest and falsely imprison individuals without probable cause and/or legal justification which policy violates the Fourth and Fourteenth Amendment of the Constitution of the United States, the Constitution of Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and is in violation of 42 U.S.C., Section 1983.

32. Plaintiff believes and avers herein, that at the time of plaintiff's incident, defendant, City of Philadelphia knew or should have known of the above described policy of the City of Philadelphia Police Department and of the District Attorney's Office, and that they deliberately, knowingly, and/or intentionally failed to take measures to stop or limit the policy, including inter alia, providing training, supervision, and control of the officers, agents, and/or employees of the City of Philadelphia Police Department and District Attorney's Office.

33. Plaintiff believes and herein avers that the City of Philadelphia deliberately and intentionally failed, inter alia, to take measures to stop the practices that harm its citizens, such as:

a. Failure to prevent false arrest and false imprisonment upon persons by City of Philadelphia Police officers, detectives and lawyers in the District Attorney's Office,

b. Failure to have clear, concise, and appropriate police directives regarding arrests pursuant to abuses and the standard for probable cause for arrests;

c. Failure to properly supervise and/or control its police officers, detectives and District Attorney's office in handling cases

## COUNT IV – CONSPIRACY
## 42 U.S.C., SECTION 1985

34. Defendant Seth Williams conspired with Defendants Gore, Hammond and Carter, to violate plaintiff's aforementioned rights.

35. There was a meeting of the minds between these mentioned defendants to maliciously prosecute Plaintiff, knowing fully well that they lacked the probable cause to arrest him, lacked the investigation to show probable cause, lacked the training and supervision required to effectively handle a case where no one's constitutional rights would be violated.

36. Defendant Gore who received the case file from Defendant Hammond and interviewed the alleged victim, had an administrative duty to investigate the facts of the matter brought to her attention for prosecution. Failing to do so, or deliberately in her administrative capacity used false of perjured testimony to detain a defendant for trial violates that person's rights, as in this case where Plaintiff had to sit in jail for three years. See Carter v. City of Philadelphia, 181 F.3d 339(3rd Cir. 1991) (prosecutors can be sued when the claim involves administrative, investigative functions, rather than prosecutorial.)

37. Defendant Gore, having conducted her own administrative investigation of the matter and having privately interviewed the alleged victim against the backdrop of the information she already had, known or should have known that there were falsities in the case, and should have moved to correct those falsities. However, her correcting those falsities in the case would have meant she would have no case, and that the Plaintiff would have been released from jail. Yet knowing all of these early on, she deliberately allowed the Plaintiff to remain in jail while no further information or evidence was being gathered to prosecute the case.

38. Defendant Gore or some other Assistant District Attorney assigned to the case Defendant Seth Williams, who administratively reviewed the file in this case, deliberately allowed all the errors to stay, to wit, the erroneous address, the contradictions in the alleged victims' statements, the dubious source of the information, to wit, from a woman with bipolar

disorder, and with reckless disregard to the fact that neither the Plaintiff was interviewed, nor was his natural daughter, Tamika, whom the alleged victim reported was also molested.

39. Because the Philadelphia District Attorney's office is the policy maker for the defendant City of Philadelphia with respect to the administration of that office, and since the D.A.'s unlawful policies and practices in tolerating misconducts, failure to train, supervise and discipline, substantially caused Plaintiff's wrongful detention for three years, the city of Philadelphia is liable to Plaintiff pursuant to *Monell v. City of New York*, 436 U.S. 658(1978) and 42 U.S.C., Section 1983.

## COUNT V. INTENTIONAL INFLICTING OF EMOTIONAL DISTRESS, CONSPIRACY, 42 U.S.C., SECTION 1985

40. Plaintiff believes and therefore avers here that each mentioned defendants here through the above mentioned malicious, intentional, and/or reckless acts and omissions were outrageous, atrocious, and completely intolerable in a civilized society and went beyond all possible bounds of decency, causing plaintiff severe emotional distress, continued anxiety and fear.

41. The conduct of Defendant Hammond in presenting false evidence in other to obtain an arrest warrant constituted a serious violation of Plaintiff's constitutional and civil rights which caused Plaintiff to lose life, liberty and freedom, loss of consortium, family life and an opportunity to continue to care for his special needs son, for three years.

42. The fact that Defendant Hammond did these with deliberate indifference, knowing fully well that she did not have evidence, especially without any investigation, to initiate this criminal action against this Plaintiff, caused Plaintiff to be falsely arrested, falsely imprisoned, and maliciously prosecuted, constituting a violation of his federally, and state guaranteed rights.

43.    The fact that Defendant Gore, deliberately held Plaintiff for three years in jail,

knowing fully well that her administrative investigation on the matter had shown her that there

was no collaborative evidence to the false and misleading evidence supplied to her by Defendant

Hammond on the matter, violated Plaintiff's federally, and state guaranteed rights.

44.    The administrative investigations of Defendant Gore of the evidence given to her by

the police, and her failure to properly correct the falsehoods once she had administratively

ascertained them, caused Plaintiff to stay in jail for three years, losing life, liberty, freedom,

consortium, and family.

45.    The deliberate indifference by policy making officials at the Philadelphia District

Attorney's Office and the Philadelphia Police, in their obligation to properly instruct, train,

supervise and discipline their employees, including the Defendant Gore, and the Police officers

involved in this case, caused Plaintiff's losses, and makes the City liable to him.

46.    The numerous similar cases that have been cited here show a clear indication that the

City of Philadelphia should revamp its system, to implement training, supervising, and

disciplining of officers, to assure that rights of individuals such as this Plaintiff would no longer

be violated.

## COUNT VI- STATE CONSTITUTIONAL CLAIM,
## ARTICLE 1 SECTION 8, FALSE ARREST AND FALSE IMPRISONMENT

47. All paragraphs above are incorporated herein by reference as though each were fully
set forth below.

48.    Defendants Hammond and Carter prepared affidavit of probable cause and arrested

Plaintiff without probable cause or legal justification in violation of Plaintiff's right to be free

from unreasonable seizures under Article 1, Section 8 of the Pennsylvania Constitution.

49.   Defendants mentioned in paragraph 48 caused Plaintiff to be imprisoned for three years, without probable cause or legal justification, in violation of the Plaintiff's right to be free unreasonable seizures under Article 1, Section 8 of the Pennsylvania Constitution,

50.   As aforesaid defendants mentioned in paragraph 48, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the City of Philadelphia Police Department, deprived plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the Commonwealth of Pennsylvania; in particular, the right to be free from false arrest, and false imprisonment by an officer, which violated the Plaintiff's rights under Article 1, Section 8 of the Pennsylvania Constitution.

## PLAINTIFF'S INJURY AND DAMAGES

51.   Plaintiff was publicly shamed, ridiculed, humiliated in the presence of his wife, family, friends and the public, and his reputation as a decent human being was forever tarnished.

52.   Plaintiff suffered not just humiliation in jail over the type of accusation brought against him, but was on numerous times severely beaten by other inmates who perceived him to be a child molester, and had to be taken to the hospital on multiple times.

53.   Plaintiff suffered emotional distress over the loss of his freedom, human trust, reputation, consortium of his wife, loss of opportunity to care for his special needs child who went out of control when Plaintiff was taken away.

54.   Plaintiff, therefore, demands judgment against the defendants for compensatory and punitive damages in the amount of $15,000,000; and for pre- and post-judgment interest pursuant

to 42 U.S.C., Section 1988, and for any such relief as this Court may deem proper and just under all the circumstances herein.

Warren R. Hamilton
Hanson Square
328 Fitzwater Street
Philadelphia, PA 19147
(267) 235-9481
(866) 243-0246- facsimile
warrenrhamilton@outlook.com

CERTIFICATE OF SERVICE

I certify that a copy the Amended Complaint was served via ECFF on the following:

Brock Atkins, Esquire
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, Pa 19103
Counsel for Defendants

Date: 19 July 2016

Warren R. Hamilton
Attorney for Plaintiff