UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PENNSYLVANIA

SYLVESTER EKWUNIFE,

    Plaintiff,

-vs-                                      CASE NO. 2:16-cv-00148-ER

CITY OF PHILADELPHIA;                      JURY TRIAL DEMAND
Seth R. Williams, in his official capacity;
Heba Gore, Individually, and as an Official;
Detective Laura Hammond, individually
and as an official; Joseph T. Carter,
individually and as an official,

    Defendants.

### FOURTH AMENDED COMPLAINT

Plaintiff, Sylvester Ekwunife, by and through his attorney, Warren R. Hamilton, respectfully presents the within complaint against the defendants, upon information and belief, as follows:

### NATURE OF THE ACTION

1.      This is a civil action, pursuant to 42 U.S.C., Section 1983, 1985, 1988, and 28 U.S.C., Section 1367(a), seeking $15,000,000 in damages for the conducts and omissions of the named defendants in violating Plaintiff's guaranteed rights under the United States Constitution, to wit, Fourth Amendment, Fourteenth Amendment, and state laws.

2.      The defendants that are named in this complaint collectively and individually, through their actions and omissions, caused Plaintiff to undergo false arrest, false imprisonment,

and malicious prosecution, all of which resulted in Plaintiff languishing in jail for three years.

3. The mentioned violations against Plaintiff and the unconstitutional abuses are directly and proximately caused by policies, practices and/or customs of the defendants City of Philadelphia, the Philadelphia Police Department, and the District Attorney's Office, who acted with deliberate indifference to the rights of individuals, including this Plaintiff, by (a) failing to properly train, supervise and discipline police officers and the assistant district attorneys, (b) by inadequately monitoring police officers and their practices relating to initiating criminal cases, including but not limited to investigating, preparing affidavits of probable cause, obtaining arrest warrants, and preparing documents needed to proceed against individuals, including this Plaintiff.

4. Plaintiff suffered loss of life, liberty, happiness, family, reputation, earnings. He went through harrasments and beatings in jail, and now goes through continuous emotion distress, paranoia, and lacks the ability to completely be normal again.

## PARTIES

5. Plaintiff, Sylvester Ekwunife, is an adult resident of the Commonwealth of Pennsylania residing at 57th North 57th Street, Philadelphia, PA 19139.

6. The Defendant, City of Philadelphia, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices at 1515 Arch Street, 5th Floor, Philadelphia, Pa 19102.

7. The Defendant Seth R. Williams, is a District Attorney of Philadelphia, the chief law enforcement officer for the City and county of Philadelphia, under the Commonwealth

of Pennsylvania's constitution and statutes. Seth R. Williams is an independent officer, directly elected by Philadelphia residents. He is responsible for overseeing all aspects of the Philadelphia District Attorney's Office, and making policies for his office. His office is located at 3 S. Penn Square, Philadelphia, PA 19107.

8. Defendant Heba Gore was at all time material to this suit the Assistant District Attorney for the City of Philadelphia, and had her office at 3 S. Penn Square, Philadelphia, PA

9. Defendant Laura Hammond was at all time material to this suit, and her office is in Philadelphia, and is assessible at 1515 Arch Street, 5th Floor, Philadelphia, PA 19102.

10. Defendant Joseph T. Carter was at all time material to this suit, and his office is in Philadelphia, and is assessible at 1515 Arch Street, 5th Floor, Philadelphia, PA 19102.

12. At all time material to this suit, these mentioned defendants acted within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the City of Philadelphia, District Attorney's Office, and the City of Philadelphia Police Department, respectively.

## JURISDICTION AND VENUE

13. This Court has jurisdiction to hear and adjudicate this matter pursuant to 28 U.S.C., Section 1331 and 1343. This Court also has pendent jurisdiction pursuant to the state law violation alleged.

14. Venue is proper in this court pursuant to 28 U.S.C., Section 1391.

## RELEVANT FACTS OF THIS CASE

15.     Plaintiff and his wife allowed Sharon McFayden and her children to live at 541 E. Luray Street, Philadelphia, after they moved to 57th North 57th Street because McFayden was the mother of Plaintiff's step-son's daughter, Karizma.  McFayden is also the mother of the child of Karizma's grand-father.  The understanding was that McFayden would continue to pay the mortgage on the house.  However, when McFayden utterly failed to pay anything toward the mortgage, Plaintiff required her to move so as the house could be rented out.  McFayden did not like the ultimatum given to her by Plaintiff.  She then started plotting against Plaintiff.  First, she made sure that Plaintiff never got any notices from the bank holding the mortgage, and did later make arrangement with the bank to forfeit the property.  Hence, she relocated to a place in Allentown, to cohabit with his father-in-law who is also the father of one of her children. At all time relevant to her living ordeal, she suffered from Bipolar and schizophrenia, as medically documented.

16.     Danny Rosario wanted custody of his daughter, Karizma, because of the instability and mental illnesses of Ms. McFayden, and wished for his mother to help him with the effort which would require that Karizma would live with Danny (plaintiff's step-son), his mother (plaintiff's wife) and of course, Plaintiff, at 57th North 57th Street.

17.     Before any custodial battle for Karizma could take place, Ms. McFayden contacted the Department of Human Services and reported a sexual abuse of Karizma by Plaintiff.

18.     During a home visit from the agents/case workers of the DHS, plaintiff's wife tried to inform the case workers, as did Danny, that Karizma was known for fabricating things; that Ms. McFayden was mentally ill, and  had motive to lie against plaintiff, and that none of the

things levied in the complaint against plaintiff was true, and that the additional allegation levied against plaintiff concerning plaintiff's biological daughter was a lie and should be further investigated by interviewing Shamika, plaintiff's daughter. One of the DHS workers named Mellisa Hampton confirmed to plaintiff's wife that she didn't believe Karizma's story.

19. And everyone in plaintiff's household, including plaintiff waited to tell the investigators their own side of the story, but no one asked them. The police proceeded with testimony of a bipolar mother who had motives to lie, and a fabricator child who had been coached by her mentally ill mother.

20. Based on the story Karizma and her mother, Ms. McFayden told the DHS and the police, plaintiff was on February 18, 2012 arrested and detained.

21. Shortly after a hearing was held in the Court of Common Pleas where the Judge found that there was no "digital penetration" in the case (the main element of rape), Karizma recanted her story to the District Attorney, Heba Gore.

22. Despite the lack of a vital element of rape, and a recantation by the State's only witness, the District Attorney's office left plaintiff in custody while continuing to try to extort a guilty plea from him with a real threat of a 50-year sentence.

23. In January of 2015, after an unsuccessful final attempt to secure a time-served guilty plea from plaintiff, the District Attorney's office asked for dismissal of the case against plaintiff, without explanation.

24. On May 1, 2015, the Court of Common Pleas expunged plaintiff's arrest record *in toto*.

## **COUNT I---VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS**

25.     The Assistant District Attorney, Heba Gore received a recantation from Karizma, her only witness in the case against plaintiff. This recantation which immediately showed that there was no case, and could be no case against plaintiff without the sole State witness, meant that plaintiff should have been released immediately from detention. However, Heba Gore, continued to encourage the false evidence, and attempted to use it to coerce a guilty plea from plaintiff. (*Halsey v. Pfeiffer,* 750 F.3d 273(3rd Cir. 2014)(without the fabricated evidence, there was no probable cause to link plaintiff to the criminal charges.) This involvement of the District Attorney's office implicated the City of Philadelphia under *Monell v. Dept. of Social Services of New York*, 436 U.S. 658(1978). Seth R. William either created or condoned a policy of custom where it is signaled to his subordinates that it is okay to use fabricated evidence to initiate a criminal prosecution, and to withhold such evidence from the criminal defense.

28.     The action of Heba Gore in using fabricated evidence, and in withholding it from the criminal defendant violated plaintiff's due process (a stand-alone claim under this Section 1983 suit.)

29.     Seth R. Williams' failure to train, supervise and or discipline Heba Gore in the matter of fabricating evidence, and withholding the fabricated evidence, also violated plaintiff's due process right (a stand-alone claim under this Section 1983 suit).

30.     The foregoing violations of plaintiff's rights amounted to federal constitutional torts and were affected by actions taken under color of state law, and within the scope of the employment and authority of the District Attorney, Seth R. Williams and Assistant District

Attorney, Heba Gore.

31. The foregoing violations of plaintiff's federal constitutional rights were directly, proximately and substantially caused by conducts and inactions, chargeable to defendant City of Philadelphia, namely;

    (a) the institution and implementation of unlawful policies, procedures, regulations, practices and/or customs concerning;

        i. the continuing obligation to make timely disclosure to the defense when its only evidence driving the case was recanted.

        ii. the duty not to rely on false and/or fabricated testimony to detain an accused;

        iii. the continuing obligation to correct false, inaccurate, fabricated evidence whenever such acts occurred;

    (b) Deliberate indifference by policymaking officials (i.e., D.A. Seth R. Williams) at the D.A.'s office to their obligation to properly instruct, train, supervise and discipline their employees, including the Heba Gore with respect to such matters.

## COUNT II---VIOLATION OF PLAINTIFF DUE PROCESS RIGHTS

32. Heba Gore violated plaintiff's right by knowing that her sole witness recanted her false testimony, yet pushed on for a guilty plea from plaintiff, even on the day the case against plaintiff was dropped by the Commonwealth, Once she received her recantation, she was no longer seeking justice when she continued to press for time-served. Such deliberate indifference for the truth seeking process a is violation of plaintiff constitutional rights.

33. Seth R. Williams's failure to train, supervise and or discipline her on matters of seeking a conviction as opposed to justice was with deliberate indifference and also violated plaintiff's constitutional rights, and as such is liable in his official capacity.

34. Despite their knowledge of said policies, procedures, regulations, practices and/or customs, the supervisory and policymaking officials of the defendant City, as a matter of policy, perpetuated, or failed to take preventive or remedial measures to terminate, said policies, procedures, regulations, practices and/or customs; did not discipline or otherwise properly supervise the individual personnel who engaged in them, and did not adequately instruct, train and/or supervise such personnel with regard to the proper constitutional and statutory requirements in the exercise of their authority.

35. By the virtue of the foregoing, Defendant City of Philadelphia is liable for having substantially caused the foregoing violations of plaintiff's constitutional rights and his constitutional injuries.

36. Assistant District Attorney, Heba Gore is also liable in her individual as well as her official capacity for all her transgressions that were not aimed at seeking justice.

## COUNT III---MALICIOUS PROSECUTION

37. The Assistant District Attorney, Heba Gore by prosecuting plaintiff based on known false and fabricated evidence maliciously prosecuted plaintiff.

40. The District Attorney, Seth R. Williams, as the policy maker of the Office of the District Attorney, in   failing to train, supervise or discipline Heba Gore on matters of using known false and fabricated evidence, and otherwise encouraged or condoned a policy, or custom

or practice of using known false or fabricated evidence, caused the malicious prosecution of plaintiff.

41. The Assistant District Attorney, Heba Gore by withholding the evidence of recantation of her only witness while continuing to prosecute plaintiff, maliciously prosecuted him. The recanted evidence was the only evidence that drove the initiation of the criminal case against plaintiff.

42. The District Attorney, Seth R. Williams, as the policy maker of the Office of the District Attorney in failing to properly train, supervise or discipline Heba Gore, caused the malicious prosecution of plaintiff, and is liable through the City of Philadelphia to plaintiff.

43. The elements of malicious prosecution are fully present in this matter as to the actions and inactions of each named defendants in this case, as follows:

    i. the within criminal charges were resolved in plaintiff's favor when in January of 2015, the state court dismissed the criminal charges against plaintiff, and on May 1, 2015 all arrest and charges records were expunged;

    ii. the named defendants were actively involved in the criminal case (Heba Gore and the prosecutors in the District Attorney's Office brought the charges, and such charges were approved by District Attorney, Seth R. Williams; furthermore, the named officials of the Philadelphia Police department, individually and in their official capacity, initiated the case by preparing and submitting arrest warrant and criminal complaint of plaintiff to the district attorney's office);

    iii. the *prosecutors* and the Philadelphia Police personnel did not have

probable cause to initiate and prosecute this case based on the numerous constitutional omissions replete in the affidavit of probable cause prepared and submitted by **Laura Hammond**, and executed by **Joseph T. Carter**. Moreover, and most importantly, proceeding against plaintiff when the State's sole witness recanted the only evidence that linked plaintiff to the criminal charges is a stand-alone charge that does not require any showing of probable cause to maintain a malicious prosecution case against the defendants herein. See *Halsey v. Pfeiffer,* 750 F.3d 273(3rd Cir. 2014.)

iv. initiation of criminal case and prosecution of plaintiff was with improper purpose other than for seeking the truth and for justice since the defendants knew about the recantation of the sole evidence in this case and still detained plaintiff and continued to press for a guilty plea to charges that did not exist.

## COUNT IV---FALSE ARREST AND FALSE IMPRISONMENT

44. Laura Hammond used false information to secure an arrest warrant via her affidavit of probable cause. (a. the affidavit listed plaintiff as a white male, b) listed the alleged victim as being 11 years old during the time of alleged molestation whereas she was between 3 and 4 years old at the time she chose, c) listed the wrong address where the alleged deed occurred. In any event, everything the alleged victim told the police was fabricated as she has already recanted her story.) The false information caused plaintiff to be arrested and imprisoned. As such Laura Hammond, acting in her capacity as an official, and acting individually caused false arrest and imprisonment of plaintiff in violation of plaintiff's, constitutional rights under the Fourth and Fourteenth amendment.

45. Laura Hammond provided false information in her affidavit of probable cause

where without those false information, there would not have been a finding of probable cause to arrest and detain plaintiff.

46. During the time Laura Hammond was preparing the affidavit of probable cause and arrest warrant, it was a clearly established law that a "warrant that failed to describe either the person or thing to be seized was facially invalid under the Fourth Amendment, foreclosing the officer who prepared the warrant from asserting qualified immunity. (**Groh v. Ramirez**, 124 S.Ct. 1284(2004).

47. Joseph T. Carter failed to intervene to correct an arrest warrant, or cause to correct an arrest warrant that was based on false and fabricated information, but instead, proceeded and arrest plaintiff on an invalid warrant thereby subjecting plaintiff to false arrest and false imprisonment.

48. During the time Joseph T. Carter failed to intervene to correct an arrest warrant that was based on false and fabricated information, it had already been clearly established law that failure to intervene by a police would violate a person's constitutional rights. ( 42 U.S.C., Section 1983 states: every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.)

## COUNT V---FAILURE TO INTERVENE

49. District Attorney, Seth R. Williams, Assistant District Attorney, Heba Gore, Laura Hammond, and Joseph T. Carter, all acting in color of State law, and in their respective

capacity as earlier assigned in this suit, failed to intervene to correct the false information that was used in this case to arrest and detain an innocent man in the person of this plaintiff.

## COUNT VI---FAILURE TO INVESTIGATE

50. There is a clear evidence in this case that there was no investigation done to ascertain the truth of the allegation brought forth by Sharon McFayden and her daughter Karizma Rosario. A thorough investigation would have clearly exposed the fabricated stories both people told to have plaintiff arrested, long before they came forward to recant those fabricated stories. As such the utter lack of investigation caused an innocent man to be falsely arrested, falsely detained, maliciously prosecuted, and his federal constitutional rights and state law rights violated.

51. The failure of the City of Philadelphia policy maker during that period, to wit, Commissioner of Police, **Charles Ramsey**, to properly implement rules on proper investigation, and his encouragement of the policy, custom, of not properly supervising his officers to be sure that every case is properly investigated to flesh out fabricated cases such as this one, caused plaintiff to be falsely arrested, falsely imprisoned, maliciously prosecuted, and subjected to loss of life, liberty, family, happiness, and exposure to humiliation, numerous beating episodes with attending bodily injuries in jail, and loss of reputation and earning capabilities. In fact, the Philadelphia Police Department policy statement regarding investigation of rape case which can be found in Philadelphia Police Department Directive 5.25 which was issued February, 2013 was not followed. See Exhibit A which is snapshot of the policy in that directive that is relevant to this case.

## COUNT VII---CONSPIRACY, 42 U.S.C. SECTION 1985

52. Heba Gore and Laura Hammond, and Joseph T. Carter, conspired with the agents of the Department of Human Services to bring false arrest and false imprisonment and malicious prosecution against plaintiff when they shared among them false information that started with the folks at the Department of Human Services. This is true because even when the information first came to the Department of Human Services, one Melissa Hamilton expressed her views that she did not believe Karizma Rosario stories, yet the information was in any event disseminated to the Philadelphia Police and the District Attorney's office, who utilized the false information without any meaningful investigation, to arrest and detain plaintiff.

53. This conspiracy was entered into with deliberate indifference to plaintiff's constitutionally guaranteed rights and state law protection.

### COUNT VIII---INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, CONSPIRACY, 42 U.S.C., SECTION 1985

54. The conduct of Laura Hammond, Joseph T. Carter, Heba Gore, Seth R. Williams, Charles Ramsey, collectively in deliberate indifferent to plaintiff's rights, caused plaintiff to suffer loss of life, liberty, freedom, loss of consortium, family, earning opportunities, brutal beatings in the hands of fellow detainees in jungle justice punishment for the alleged rape of a child, for a total of three years.

55. The emotional distress was also enhanced when the presiding judge entered a finding that there was no evidence of "rape" even amidst of the false evidence, yet the prosecutor's office still pressed forward with rape charges. This is true because the definition of rape issued by the police commissioner Charles Ramsey, called "Philadelphia Police Department Directive 5.25, stated as follows: The new definition of rape according to UCR is: The penetration, no matter how slight, of the vagina or anus of any female or male victim with any body part or object, or oral penetration by a sex organ of another person, without the consent of the victim." Because the judge held in the preliminary hearing that there was "***no digital penetration***" clearly showed that there was no preliminary finding of a rape charge in the first place to hold plaintiff over for a rape charge.

## COUNT IX---STATE CONSTITUTOINAL CLAIM,
## ARTICLE 1, SECTION 8, FALSE ARREST AND FALSE IMPRISONMENT

. 56.  All paragraphs above are incorporated herein by reference as though each were fully set forth below.

57.  Laura Hammond, Joseph T. Carter, District Attorney Seth R. Williams, and Heba Gore, through their actions and inactions in this case, caused the arrest and detention of plaintiff without probable cause or legal justification, in violation of plaintiff's right to be free from unreasonable seizures under Article 1, Section 8 of the Pennsylvania Constitution.

58.  As have already mentioned, each of these defendants acted under the color of state law, and pursuant to the customs, policies and practices of the City of Philadelphia Police Department and the District Attorney's Office, to deprive plaintiff of his rights, privileges and immunities under the laws and constitutions of the Commonwealth of Pennsylvania, in particular, the right to be free from false arrest, false imrpisonment and malicious prosecution by an officer, which violated the plaintiff's rights under Article 1, Section 8 of the Pennsylvania Constitution.

## INJURIES AND DAMAGES

59.  Plaintiff was publicly shamed, ridiculed, humiliated in the presence of his wife, children, family, friends and the public, and his reputation as a decent human being is forever tarnished.

60.  Plaintiff suffered not just humiliation in jail over the type of accusation brought against him, but was on numerous times severely beaten by other inmates who perceived him to be a child molester, and had to be taken to the hospital on multiple times.

61.  Plaintiff suffered emotional distress and continues to suffer emotional distress over the loss of his freedom, human trust, reputation, consortium of his wife, loss of opportunity to care for his special needs child who went out of control when plaintiff was taken away.

62.  Plaintiff, therefore, demand judgment against the defendants for compensatory and punitive damages in the amount of $15,000,000; and for pre- and post-judgment interest pursuant to 42 U.S.C., Section 1988, and for any further relief as this Court may deem proper

and just under all the circumstances herein

                                       Respectfully Submitted:

                                       */s/ Warren R. Hamilton*
                                       Warren R. Hamilton
                                       Hanson Square
                                       328 Fitzwater Street
                                       Philadelphia, PA 19147
                                       (267) 235-9481
                                       (866) 243-0246- facsimile
                                       warrenrhamilton@outlook.com

c

**DIRECTIVE 5.25 - 1**
**PHILADELPHIA POLICE DEPARTMENT    DIRECTIVE 5.25**
**SUBJECT: RAPE AND OTHER SEX OFFENSES**
**1. POLICY**
A. The Special Victims Unit (SVU) shall investigate all incidents of rape and all other sex offenses.
1. In cases where misdemeanor level sexual contact is made with a victim during the course of another felony crime, the higher grade crime will be handled by the detective division of occurrence.
2. The SVU shall investigate all incidents of felony sexual assaults when an additional offense is committed (e. g., the victim is robbed and raped) except homicide offenses...

E. Supervisor, Special Victims Unit, shall:
1. Ensure prompt notification to the Philadelphia Sexual Assault Response Center (PSARC).
2. Assign investigators to investigate the incident, process the crime scene, and ensure the notification of a family member, unless otherwise requested by an adult victim.
3. Notify the CSU to process the crime scene when necessary.
4. Enter information about the incident in the Daily Complaint Summary (75-67) and the Assignment Journal (75-118), and issue a SVU control number.
5. Direct the entire investigation and ensure compliance with Departmental procedures.
6. Review and approve the investigator's findings in PIIN.
7. Whenever necessary, review and discuss the legal aspects of any investigation with the pertinent Assistant District Attorney

# EXHIBIT A

## Certificate of Service

I certify that on 3 November 2016, I served the foregoing Fourth Amended Complaint to the following counsel via filing on ECF.

**BROCK ATKINS, ESQUIRE**
CITY OF PHILADELPHIA LAW DEPT
1515 ARCH ST 14TH FL
PHILADELPHIA, PA 19103

**MICHAEL ROBERT SCALERA, ESQUIRE**
PHILA DISTRICT ATTORNEY'S OFFICE CIV LIT UNIT
THREE SOUTH PENN SQUARE
13TH FLOOR
PHILADELPHIA, PA 19107

Respectfully Submitted:

Warren R. Hamilton
Attorney for Plaintiff

3 November 2016