IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SYLVESTER EKWUNIFE, : | |
| v. : | No. 16-cv-0148 |
| : | |
| CITY OF PHILADELPHIA, et al., : | *Jury Trial Demanded* |
| Defendants. : | |

**ANSWER TO PLAINITFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES OF DEFENDANTS, PHILADELPHIA POLICE DETECTIVE LARA HAMMOND AND OFFICER JOSEPH T. CARTER**

Defendants, Police Detective Laura Hammond and Officer Joseph T. Carter, by and through the undersigned counsel, Brock Atkins, Divisional Deputy City Solicitor, hereby file an answer to the plaintiff's 4th Amended complaint, together with affirmative defenses, and aver as follows:

**PARTIES**

1.      Denied.  The allegations in this paragraph are denied as conclusions of law.

2.      Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure.  Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

3.      Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure.  Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

4.      Denied.  After reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in

1

this paragraph, and therefore, the answering defendants deny the allegations.

**WHEREFORE**, defendants, Police Detective Hammond and Police Officer Carter, deny that they are liable to plaintiff, either jointly or severally and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

**PARTIES**_____

5. Denied. After reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and therefore, the answering defendants deny the allegations.

6. Denied. The averments contained in paragraph 6 of Plaintiff's Fourth Amended Complaint are addressed to defendants other than the answering defendant herein. The defendants, Police Detective Hammond and Police Officer Carter, are therefore advised that no further answer is required to the averments contained therein.

7. Denied. The averments contained in paragraph 7 of Plaintiff's Fourth Amended Complaint are addressed to defendants other than the answering defendant herein. The defendants, Police Detective Hammond and Police Officer Carter, are therefore advised that no further answer is required to the averments contained therein.

8. Denied. The averments contained in paragraph 8 of Plaintiff's Fourth Amended Complaint are addressed to defendants other than the answering defendant herein. The defendants, Police Detective Hammond and Police Officer Carter, are therefore advised that no further answer is required to the averments contained therein.

9. Denied. No allegations were made in this allegation relating to any conduct or the employment status regarding Police Detective Hammond. To the extent any response is

required, the allegations are denied.

10. Denied. No allegations were made in this paragraph relating to any conduct or the employment status regarding Police Officer Joseph T. Carter. To the extent any response is required, the allegations are denied.

12(sic). Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, defendants, Police Detective Hammond and Police Officer Carter, deny that they are liable to plaintiff, either jointly or severally and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

## JURISDICTION AND VENUE

13. Denied. The allegations in this paragraph are denied as conclusions of law.

14. Denied. The allegations in this paragraph are denied as conclusions of law.

## RELEVANT FACTS TO THIS CASE

15. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

16. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive

pleading under the Federal Rules of Civil Procedure.  Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

  17. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure.  Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

  18. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure.  Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

  19. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure.  Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

  20. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure.  Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

  21. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure.  Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

  22. Denied. This is Plaintiff's statement of the case and is therefore replete with

allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure.  Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

23.	Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure.  Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

24.	Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure.  Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, defendants, Police Detective Hammond and Police Officer Carter, deny that they are liable to plaintiff, either jointly or severally and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.


**COUNT I**

25.	Denied.  The averments contained in paragraph 25 of Plaintiff's Fourth Amended Complaint are addressed to defendants other than the answering defendant herein.  The defendants, Police Detective Hammond and Police Officer Carter, are therefore advised that no further answer is required to the averments contained therein.


28(sic).	Denied.  The averments contained in paragraph 28 of Plaintiff's Fourth Amended Complaint are addressed to defendants other than the answering defendant herein.  The

defendants, Police Detective Hammond and Police Officer Carter, are therefore advised that no further answer is required to the averments contained therein.

29. Denied. The averments contained in paragraph 30 of Plaintiff's Fourth Amended Complaint are addressed to defendants other than the answering defendant herein. The defendants, Police Detective Hammond and Police Officer Carter, are therefore advised that no further answer is required to the averments contained therein.

30. Denied. The averments contained in paragraph 30 of Plaintiff's Fourth Amended Complaint are addressed to defendants other than the answering defendant herein. The defendants, Police Detective Hammond and Police Officer Carter, are therefore advised that no further answer is required to the averments contained therein.

31. Denied. The averments contained in paragraph 31 of Plaintiff's Fourth Amended Complaint are addressed to defendants other than the answering defendant herein. The defendants, Police Detective Hammond and Police Officer Carter, are therefore advised that no further answer is required to the averments contained therein.

**WHEREFORE**, defendants, Police Detective Hammond and Police Officer Carter, deny that they are liable to plaintiff, either jointly or severally and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

## COUNT II

32. Denied. The averments contained in paragraph 32 of Plaintiff's Fourth Amended Complaint are addressed to defendants other than the answering defendant herein. The defendants, Police Detective Hammond and Police Officer Carter, are therefore advised that no

further answer is required to the averments contained therein.

33. Denied. The averments contained in paragraph 33 of Plaintiff's Fourth Amended Complaint are addressed to defendants other than the answering defendant herein. The defendants, Police Detective Hammond and Police Officer Carter, are therefore advised that no further answer is required to the averments contained therein.

34. Denied. The averments contained in paragraph 34 of Plaintiff's Fourth Amended Complaint are addressed to defendants other than the answering defendant herein. The defendants, Police Detective Hammond and Police Officer Carter, are therefore advised that no further answer is required to the averments contained therein.

35. Denied. The averments contained in paragraph 35 of Plaintiff's Fourth Amended Complaint are addressed to defendants other than the answering defendant herein. The defendants, Police Detective Hammond and Police Officer Carter, are therefore advised that no further answer is required to the averments contained therein.

36. Denied. The averments contained in paragraph 36 of Plaintiff's Fourth Amended Complaint are addressed to defendants other than the answering defendant herein. The defendants, Police Detective Hammond and Police Officer Carter, are therefore advised that no further answer is required to the averments contained therein.

**WHEREFORE**, defendants, Police Detective Hammond and Police Officer Carter, deny that they are liable to plaintiff, either jointly or severally and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

**COUNT III**

37. Denied. The averments contained in paragraph 6 of Plaintiff's Fourth Amended

Complaint are addressed to defendants other than the answering defendant herein.  The defendants, Police Detective Hammond and Police Officer Carter, are therefore advised that no further answer is required to the averments contained therein.

40(sic).	Denied.  The averments contained in paragraph 40 of Plaintiff's Fourth Amended Complaint are addressed to defendants other than the answering defendant herein.  The defendants, Police Detective Hammond and Police Officer Carter, are therefore advised that no further answer is required to the averments contained therein.

41.	Denied.  The averments contained in paragraph 41 of Plaintiff's Fourth Amended Complaint are addressed to defendants other than the answering defendant herein.  The defendants, Police Detective Hammond and Police Officer Carter, are therefore advised that no further answer is required to the averments contained therein.

42.	Denied.  The averments contained in paragraph 42 of Plaintiff's Fourth Amended Complaint are addressed to defendants other than the answering defendant herein.  The defendants, Police Detective Hammond and Police Officer Carter, are therefore advised that no further answer is required to the averments contained therein.

43.	Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure.  Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, defendants, Police Detective Hammond and Police Officer Carter, deny that they are liable to plaintiff, either jointly or severally and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

**COUNT IV**

44.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure.  Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

45.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure.  Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

46.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure.  Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

47.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure.  Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

48.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure.  Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, defendants, Police Detective Hammond and Police Officer Carter, deny that they are liable to plaintiff, either jointly or severally and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

## COUNT V_____

49.	Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure.  Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, defendants, Police Detective Hammond and Police Officer Carter, deny that they are liable to plaintiff, either jointly or severally and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

## COUNT VI_____

50.	Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure.  Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

51.	Denied.  The averments contained in paragraph 51 of Plaintiff's Fourth Amended Complaint are addressed to defendants other than the answering defendant herein.  The defendants, Police Detective Hammond and Police Officer Carter, are therefore advised that no further answer is required to the averments contained therein.

**WHEREFORE**, defendants, Police Detective Hammond and Police Officer Carter, deny that they are liable to plaintiff, either jointly or severally and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

**COUNT VII**

52. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

53. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, defendants, Police Detective Hammond and Police Officer Carter, deny that they are liable to plaintiff, either jointly or severally and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

**COUNT VIII**

54. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

55. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, defendants, Police Detective Hammond and Police Officer Carter, deny that they are liable to plaintiff, either jointly or severally and demand judgment in their favor,

together with reasonable attorney's fees and the costs of defending this action.

**COUNT IX**

56. The answering defendants incorporate by reference their answers to paragraphs 1 through 55, inclusive, as fully as though the same were here set forth at length.

57. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

58. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, defendants, Police Detective Hammond and Police Officer Carter, deny that they are liable to plaintiff, either jointly or severally and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

**DAMAGES**

59. Denied. After reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and therefore, the answering defendants deny the allegations.

60. Denied. After reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and therefore, the answering defendants deny the allegations.

61. Denied. This is Plaintiff's statement of the case and is therefore replete with

allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure.  Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, defendants, Police Detective Hammond and Police Officer Carter, deny that they are liable to plaintiff, either jointly or severally and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendants assert all of the defenses, immunities, and limitations of damages available to them under the "Political Subdivision Tort Claims Act" and aver that Plaintiff's remedies are limited exclusively thereto.  Act of Oct 5, 1980, No. 142, P.L. 693, 42 Pa. C.S.A. § 8541 et seq.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendants are immune from liability under the doctrine of qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff has suffered no legally cognizable injury, harm, loss, or damage upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, to the extent that he has failed to take reasonable measures to mitigate any or all damages.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, insofar as Answering Defendants' purported actions or omissions were not the proximate cause of any alleged injury, loss, or damage incurred by the plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

At all times material to this civil action, Answering Defendants have acted in a reasonable, proper, and lawful manner.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable Statute of Limitations.

**WHEREFORE**, defendants, Police Detective Hammond and Police Officer Carter, deny that they are liable to plaintiff, either jointly or severally and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

          Respectfully submitted,

          /s/ Brock J. Atkins
          BROCK J. ATKINS
          Divisional Deputy City Solicitor
          City of Philadelphia Law Department
          Civil Rights Unit
          1515 Arch Street, 14th Floor
          Philadelphia, PA  19102

DATED: April 6, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYLVESTER EKWUNIFE, | : | |
| v. | : | No. 16-cv-0148 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | *Jury Trial Demanded* |
| Defendants. | : | |

    I, BROCK J. ATKINS, hereby certify that on this date, the foregoing **ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANTS, POLICE DETECTIVE HAMMOND AND POLICE OFFICER CARTER,** was electronically filed and is available for viewing and downloading from the ECF system.

    Warren R. Hamilton, Esquire
    Hanson Square
    328 Fitzwater Street
    Philadelphia, PA 19147

    __/s/ Brock J. Atkins____
    BROCK J. ATKINS
    Divisional Deputy City Solicitor

DATED: April 6, 2017